# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2021

Lyle W. Cayce
Clerk

No. 20-40848
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NATHAN LEE TAMEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1396

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Nathan Lee Tamez pleaded guilty to conspiring to transport an alien resulting in death, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), (a)(1)(B)(iv), and possessing a firearm after sustaining a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). He was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentenced to, *inter alia*, a within-Sentencing-Guidelines term of 151-months' imprisonment. He challenges his guilty plea convictions and sentence, contending, *inter alia*: the court erred by accepting his guilty plea for the first charge absent evidence a resulting death was foreseeable to him; it erred by applying three enhancements under Guideline § 2L1.1(b) for the discharge of a firearm, pursuant to subsection (5)(A), for the intentional or reckless creation of a substantial risk of death or serious bodily injury to another, pursuant to subsection (6), and for the death of another, pursuant to subsection (7); and his sentence is substantively unreasonable.

As for Tamez' challenge to his guilty plea, because he did not raise an objection to the factual basis for his plea either at his rearraignment or through a motion to withdraw his plea, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Tamez must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Tamez fails to demonstrate the court committed the requisite clear or obvious error by accepting his guilty plea to conspiracy to transport an alien resulting in death. He contends 8 U.S.C. § 1324(a)(1)(B)(iv) (listing criminal penalties for bringing in and harboring certain aliens) requires the Government to prove the death of any person was reasonably foreseeable to him. To the contrary, our court has not held the statute requires proof of foreseeability. *See United States v. Ruiz-Hernandez*, 890 F.3d 202, 210 (5th Cir. 2018) (declining to decide whether reasonable foreseeability is required). Moreover, neither our court nor the Supreme Court has applied *Burrage v. United States*, 571 U.S. 204, 208 (2014), involving a different statute, to a

conviction under § 1324(a)(1)(B)(iv). "When the . . . law is unsettled . . . any error is [not] clear or obvious". *United States v. Ceron*, 775 F.3d 222, 226 (5th Cir. 2014).

As noted, Tamez' other challenges concern his sentence. Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id. at 51*; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Tamez next challenges the above-described three enhancements. The court did not clearly err by finding Tamez was likely armed during the shooting, or, based on his armed presence as a "soldado" during the meeting at which the shooting happened, the discharge of a firearm was reasonably foreseeable to him. *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 428–29 (5th Cir. 2014) (noting reasonable foreseeability constitutes factual finding reviewed for clear error). Moreover, because the death would not have occurred but for the attempted exchange of aliens in which Tamez willingly took part, the court did not err in applying the death enhancement. *See United States v. Ramos-Delgado*, 763 F.3d 398, 401–02 (5th Cir. 2014) (concluding proximate cause not required for death enhancement and "only causation requirement" derives from Guideline § 1B1.3 (relevant conduct)). (To the extent Tamez challenges the court's application of an enhancement for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another, he has failed to brief adequately, and has therefore

abandoned, the challenge. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) ("Inadequately briefed issues are deemed abandoned.")).

As for Tamez' last challenge, and as discussed above, the substantive reasonableness of his sentence is reviewed under a highly deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51. A within-Guidelines sentence is "presumptively reasonable", rebutted only if defendant demonstrates "the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors". *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). Tamez fails to rebut this presumption because he does not identify: any specific 18 U.S.C. § 3553(a) sentencing factor the court failed to consider or improperly weighed; or any clear error in balancing the § 3553(a) factors. *See id.* at 166–67 (explaining disagreement with factor analysis insufficient to support reversal).

AFFIRMED.